UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARAMONT PROPERTIES, LLC, and KEITH BARKET, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )     Case No. 4:08CV00193MLM ) |
| LA SALLE BANK NATIONAL ASSOCIATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant La Salle Bank National Association ("Defendant"). Doc. 5. Plaintiff Paramont Properties LLC ("Paramont") and Plaintiff Keith Barket ("Barket") (jointly, "Plaintiffs") filed a Response. Doc. 7. Defendant filed a Reply. Doc. 10. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

### BACKGROUND

This lawsuit involves a dispute between the parties regarding an $8,500,000 construction loan whereby Plaintiffs borrowed funds from Defendant. The loan was for a line of credit for Plaintiffs to develop real estate in Jefferson County, Missouri. Plaintiffs filed suit in the circuit court of the City of St. Louis on January 3, 2008, alleging that Defendant failed to properly administer the loan. Defendant removed the matter to this federal district court. Defendant now moves to dismiss based on improper venue.

On September 13, 2005 Barket, as the sole managing partner of Paramont, executed a promissory note and a deed of trust (the "Note") in favor of Defendant. Barket also executed a personal guaranty (the "Guaranty"). The Note provides as follows:

> CONSENT TO JURISDICTION. TO INDUCE THE LENDER TO ACCEPT THIS NOTE, THE BORROWER IRREVOCABLY AGREES THAT, SUBJECT TO THE LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS NOTE WILL BE LITIGATED IN COURTS HAVING SITUS IN CHICAGO, ILLINOIS. THE BORROWER HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CHICAGO, ILLINOIS, WAIVES PERSONAL SERVICE OF PROCESS UPON THE BORROWER, AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO THE BORROWER AT THE ADDRESS STATED IN THE MORTGAGE AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.

Def. Ex. A at ¶ 9; Def. Ex. B at ¶ 19.

The Guaranty includes this identical provision with the exception that Guarantor is substituted for Borrower and Guaranty is substituted for Note. The Guaranty also provides that it is "governed as to validity, interpretation, effect and in all other respects by the laws and decisions of the State of Illinois." Guaranty at 6, ¶ 17. The Note provides that it is "governed and controlled as to validity, enforcement, interpretation, construction, effect and in all other respects by laws and decisions of the State of Illinois, without regard to its conflict of laws provisions." Note at 12, ¶ 9.3;

Barket served as Paramont's representative in connection with all transactions that are the subject of this lawsuit and dealt exclusively with Defendant's St. Louis officers and personnel in connection with the negotiation, execution and administration of the Note. Aff. Barket, ¶ ¶ 2, 5. In late 2007, upon Bank of America's purchasing Defendant, Barket was advised that his "credit had been 'moved' to Chicago." Aff. Barket, ¶ 5. In connection with construction advances Defendant and Plaintiffs entered into a Construction Loan Escrow Agreement with Arch Land Development, LLC ("Arch") and U.S. Title Guaranty Co. ("U.S. Title"). U.S. Title administered its obligations

pursuant to the Escrow Agreement out of its St. Louis office and dealt exclusively with Defendant's St. Louis office in connection with advances under the Note. Aff. Barket, ¶¶ 6-8. Arch acted as Paramont's development arm in connection with the construction project.

## APPLICABLE LEGAL STANDARDS

Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civil Procedure 12(b)(3) in which it contends that pursuant to a forum selection clause in the Note and the Guaranty venue does not rest in the Eastern District of Missouri.

The party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists. See Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982); Piper v. Kassel, 817 F. Supp. 802 (E.D. Mo. 1993). "'The Court may rely on pleadings and affidavits alone or require that an evidentiary hearing be held.'" Id. at 804 (quoting Cantrell v. Extradition Corp. of America, 789 F. Supp. 306, 308 (W.D. Mo. 1992)).

The Eighth Circuit held in Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006), "'the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue.'" (citation omitted). Where the application of state or federal law would not affect the outcome, however, a federal court may apply the standard articulated by the Supreme Court in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Servewell, 439 F.3d at 789.

In Servewell, 439 F.3d at 789, the Eight Circuit further held that under federal law "forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." (citing M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999)). See also Bremen, 407 U.S. at 10 ("[Forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.").

3

Indeed, under federal law "'parties to a contract may agree in advance to submit to the jurisdiction of a given court ... .'" Id. at 11 (quoting Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315-316 (1964)). Nonetheless, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. at 15 (citing Boyd v. Grand Trunk W.R. Co., 338 U.S. 263 (1949)).

Missouri has adopted the federal standard for determining whether to enforce a forum selection clause. See Chase Third Century Leasing Co. v. Williams, 782 S.W.2d 408, 411 (Mo. Ct. App. 1989) (citing Bremen, 407 U.S. 1). In particular, Missouri courts hold that "jurisdiction over the person may be [] obtained by consent or by waiver" and "[p]arties to a contract may agree in advance to submit to personal jurisdiction in a given court by means of a forum selection clause because personal jurisdiction is an individual right capable of being waived." Whelan Sec. Co., Inc. v. Allen, 26 S.W.3d 592, 595 (Mo. Ct. App. 2000) (citations omitted). A party makes a "prima facie showing of jurisdiction by adducing evidence that the parties had signed the agreement containing a forum selection clause placing litigation in Missouri state ...." Id. Under Missouri law "[t]he party resisting enforcement of [a forum selection] clause 'bears a heavy burden in convincing the court that he should not be held to his bargain.'" Id. at 596 (citation omitted).

Likewise, Illinois courts have adopted the "unreasonable" requirement of Breman for voiding a forum selection clause and hold that:

> A forum-selection clause in a contract is prima facie valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. Calanca v. D & S Manufacturing Co., 157 Ill. App.3d 85, 87, 109 Ill. Dec. 400, 510 N.E.2d 21 (1987). The party opposing the enforcement of the clause must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Calanca, 157 Ill. App.3d at 87-88, 109 Ill. Dec. 400, 510 N.E.2d 21. To determine the reasonableness of a forum-selection clause, the court should consider:

4

> (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses, (5) the convenience to the parties of any particular location, and (6) whether the clause was equally bargained for.

Compass Envtl., Inc. v. Polu Kai Servs., LLC, 2008 WL 307450, at * 4 (Ill. Ct. App. Jan. 31, 2008). See also IFC Credit Corp. v. Rieker Shoe Corp., 881 N.E.2d 383, 389 (7th Cir. 2007) (holding that a forum selection clause in a contract is prima facie valid; that the party opposing must show that enforcement would contravene the "strong public policy of the forum" or that the chosen forum is "seriously inconvenient; and that where the parties contemplates inconvenience "one party cannot successfully argue inconvenience as the reason to void the forum selection clause") (citation omitted).

**DISCUSSION**

In Response to Defendant's Motion to Dismiss Plaintiffs contend that this court should not enforce the forum selection clause described above and that venue is proper in this court for the following reasons: (1) while Illinois law governs the formation and construction of the Note and Guaranty, it will not govern Defendant's obligations under the Escrow Agreement; (2) Plaintiffs are Missouri residents and Plaintiffs transacted business with Defendant's Missouri office and officers; (3) Plaintiffs executed the Note and the Guaranty at Defendant's St. Louis, Missouri, office; (4) Plaintiffs' witnesses reside in the St. Louis metropolitan area; (5) ongoing business of Paramont will be "grossly inconvenience[d] if Plaintiffs are required to litigate this matter in Chicago; (6) Plaintiffs will deprived of subpoena power over most, if not all, of their material witnesses; (7) the parties did not negotiate the forum selection clause and Plaintiffs had no hand in drafting it; (8) the forum selection clause is ambiguous; and (9) to the extent the clause is ambiguous it should be construed against Defendant, the drafter.

To the extent that Plaintiffs contend that Illinois courts would not enforce the forum selection clause, as stated above, Illinois courts as well federal courts and courts of Missouri provide that

5

forum selection clauses are presumed to be valid. See Breman, 407 U.S. 1; Chase Third Century Leasing, 782 S.W.2d at 411; Compass, 2008 WL 307450, at *4. Further, the standard applied by federal courts upon considering whether forum selection clauses should be enforced do not differ from the standard applied by either Missouri or Illinois courts in a manner which would affect the outcome of this case.[1] See Bremen, 407 U.S. at 12. Under such circumstances, federal law as articulated in Bremen, 407 U.S. 1, applies to Defendant's Motion to Dismiss. Thus, this court will presume the validity of the forum selection clause. See id.; Servewell, 349 F.3d at 789; IFC Credit, 881 N.E.2d at 389; Whelan, 26 S.W.3d at 595.

Plaintiffs contend the forum selection clause should not be enforced because Plaintiffs would be inconvenienced in regard to taking time away from business matters and in regard to travel of witnesses. Mere inconvenience, however, does not preclude enforcement of a forum selection clause. See Bremen, 407 U.S. at 17-18; IFC Credit, 881 N.E.2d at 889; Whelan, 26 S.W.3d at 596-97. A party claiming that inconvenience justifies not enforcing a forum selection clause must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." Id. at 18. See also Servewell, 439 F.3d at 790; Eisenmann Corp. v. Tek-Mor, Inc., 2004 WL 547253, at *1 (N.D. Ill. Feb. 5, 2007) (unreported). Any convenience to Plaintiffs in the matter under consideration was certainly

---

[1] The Note and the Guaranty provide that Illinois law is applicable to interpretation of these documents. Under such circumstances it can be argued that Illinois law is applicable to a determination of whether the forum selection clause is valid. See IFC Credit, 881 N.E. at 395. As Illinois and federal law are the same in regard to the issues presented in this matter and as the outcome will not be affected by which law is applied, as discussed above, the court will apply federal law and will note applicable Illinois law.

6

"foreseeable at the time of contracting." Bremen, 407 U.S. at 17-18. See also IFC Credit, 881 N.E. at 389.

Plaintiffs also suggest that they will be deprived of their day in court if the forum selection clause is enforced because Plaintiffs will not be able to subpoena Missouri witnesses for trial in Chicago. While Plaintiffs contend it will be difficult if not impossible to secure the presence of its Missouri witnesses at trial in Chicago, they have not explained why they could not take depositions of Missouri witnesses and introduce these depositions at trial in the event Plaintiffs can not secure the attendance of Missouri witnesses. See Servewell, 439 F.3d at 790 (quoting Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir. 1986) ("[T]he 'alternative of using depositions of key witnesses provides adequate opportunity for [plaintiffs] to have their fair day in court' in enforcing forum selection clause."), limited in part on other grounds, Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc., 801 F.2d 1066 (8th Cir. 1986). The court finds, therefore, that Plaintiffs have not established that enforcement of the forum selection clause would deprive them of their day in court.

In regard to Plaintiffs' argument that venue is proper in this court because they are Missouri residents and because they transacted business with Defendant in Missouri, such considerations would be significant were there not a forum selection clause and were the court considering a 28 U.S.C. § 1404 motion to transfer venue based on a forum non conveniens argument. Eisenmann, 2004 WL 547253, at *1 (citing Kamel v. Hill-Rom Co., 108 F.3d 799, 802 (7th Cir. 1997)). See e.g., Mizokami Bros. of Arizona, Inc. v. Mobay Chem. Corp., 660 F.2d 712 (8th Cir. 1981). Even under a forum non conveniens analysis, a plaintiff's residence and locations of witnesses are not dispositive although such factors are significant. Id. at 342-42. Certainly Plaintiffs knew at the time the Note and Guaranty were signed that they were Missouri residents and that they were transacting business with

Defendant in Missouri. See Bremen, 407 U.S. at 17-18.  To the extent that Plaintiffs argue that they would be deprived of due process based on their residence and the residence of their witnesses if they were forced to litigate in Chicago, "[d]ue process is satisfied when a [party] consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause. Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1985); Bremen, 407 U.S. at 15).

In regard to Plaintiffs' claim that the forum selection clause should not be enforced because it was not actually negotiated, federal law provides that when a forum selection clause is part of a form contract or when a forum selection clause was "not actually negotiated" the clause is not rendered "per se unenforceable." M.B. Restaurants, 183 F.3d at 753 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991)).  While the fact that a forum selection clause appears in a form contract is a consideration, both parties in the matter under consideration "were business entities as opposed to ordinary consumers." IFC Credit, 881 N.E.2d at 390.  As such, the court is not persuaded that Plaintiffs are in need of the protection afforded individual consumers. See id.  Indeed, Plaintiffs have not suggested that they attempted to negotiate with Defendant regarding the forum selection clause or that they are inexperienced in business.  As such, Plaintiffs have provided no facts to establish that adhesion was involved in the matter under consideration.  Indeed, a "bare assertion" that an agreement was reached on a "'take it or leave it' basis is insufficient to void a forum selection clause based on adhesion. Dominium, 248 F.3d at 726. See also Whelan, 26 S.W.3d at 596.

Further, the court finds unfounded Plaintiffs' claim that the forum selection clause is ambiguous.  The clause clearly and unambiguously binds Plaintiffs to a particular forum as it states that, subject to Defendant's election, all actions or proceeding which arise in any way from either the

8

Note or the Guaranty will be litigated in Chicago. See IFC Credit, 881 N.E.2d at 391 ("[A] [g]ood forum selection clause should be clear and specific'").

In regard to Plaintiffs' argument that the forum selection clause will not govern their obligations under the Escrow Agreement, neither Arch nor U.S. Title are parties to the matter under consideration. While both Defendant and Plaintiffs entered into the Escrow Agreement with Arch and U.S. Title, the forum selection clause in the Note and Guaranty states that "all actions or proceedings *in any way arising out of or relate to* this Note [or Guaranty] will be litigated in the courts having situs in Chicago." The Escrow Agreement arises out of and/or relates to the Note and Guaranty.

Upon considering Plaintiffs' arguments why the forum selection clause in the Note and Guaranty should not be given effect and why venue is proper in this court, the court finds that Plaintiffs have failed to show any compelling reason why this court should not give effect to the forum selection clause. See Bremen, 407 U.S. at 12. They have not shown that the forum selection clause is unreasonable under the circumstances of this case. See id. at 10. Moreover, by signing the Note and Guaranty which provide for venue in Chicago, Illinois, Plaintiffs have purposefully availed themselves of the benefits and protections of Illinois law. See Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 921 (8th Cir. 1995). See also Angelica Corp. v. Gallery Mfg. Corp., 904 F. Supp 993, 997 (E.D. Mo. 1995). Additionally, Plaintiffs have not suggested a strong public policy of Missouri which would be contravened by the enforcement of the forum selection clause or that fraud was involved in the procurement of the Note or Guaranty. See Bremen, 407 U.S. at 15. The court finds, therefore, that the forum selection clause should be enforced; that venue is not proper in this court; and that Defendant's Motion to Dismiss should be granted.

## CONCLUSION

For the reasons fully set forth above the court finds that the forum selection clause at issue should be enforced and that Defendant's Motion to Dismiss should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant is **GRANTED**; Doc. 5.

**IT IS FURTHER ORDERED** that the court's Order setting a Rule 16 Conference for April 7, 2008, is **VACATED**. Doc. 14.

<u>/s/ Mary Ann L. Medler</u>
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>4th</u> day of April, 2008.